## ALDINE MFG CO. v. DUFFY–McINNERNEY CO.

(Supreme Court, Appellate Division, First Department. March 20, 1908.)

VENUE—CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES.

An action for work done on a building under a contract made in the county where the building is situated, and stipulating that the work shall be done according to specifications made by architects residing in the county, defended on the ground of failure to comply with the contract, and to duly complete the work, should be tried in that county where the witnesses as to the condition of the work when completed at the time of completion reside.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 76, 77.]

Appeal from Special Term, Monroe County.

Action by the Aldine Manufacturing Company against the Duffy-McInnerney Company. From an order denying a motion to change the place of trial to Monroe county, defendant appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Benjamin G. Paskus, for appellant.
Chester H. Lane, for respondent.

INGRAHAM, J. This action was brought to recover the damages for a breach of a contract for the performance of certain work on a building in Rochester, Monroe county, N. Y. The original contract was made between a New York corporation, known as the Plymouth Interior Construction Company, a domestic corporation, and the defendant, also a domestic corporation. The complaint alleges that the Plymouth Interior Construction Company accepted said contract, entered into the performance thereof, and substantially performed the same, and that there was unpaid $5,087, and that the Plymouth Interior Construction Company had assigned its right, title, and interest in and to the sums of money due thereon to the plaintiff. The answer admits that the Plymouth Construction Company performed certain work, labor, and services at the agreed price of $629.04, and that the Plymouth Construction Company entered into a contract with the defendant as alleged in the complaint, and denies each and every other allegation of the complaint, and, as a defense, alleges the making of the contract, that it was further agreed that the same should be completed on February 6, 1907, and that for every day's delay the Plymouth Company should pay $25 per day, that the Plymouth Company failed to comply with the contract in certain particulars specified, and that the defendant was damaged by a failure of the Plymouth Company to comply with the contract in the sum of $4,000; further answering, it was alleged that the Plymouth Company did not complete its work on February 6, 1907, and that the same was not completed until March 18, 1907, and the plaintiff also became liable to pay the sum of $1,000 for the delay in the completion of the work. There was a further defense under an agreement to arbitrate, the decision of the arbitrators that there should be an allowance made to the defendant of $3,189.25, and which the defendant was entitled to offset.

It is claimed by defendant this contract was actually made in the county of Monroe by the acceptance of bids submitted by the Plymouth Company; that the work was to be done according to the plans and specifications by a firm of architects who resided in the county of Monroe upon a building occupied and owned by the defendant in that county; and the question whether the work complied with the contract could be only decided in the city of Rochester, where the building was situated and where the architect resided; that the agreement of arbitration was made in the city of Rochester; that the arbitrators lived there; that the entire transaction took place in that city, and was paid for in that city. A large number of witnesses is then stated to reside in that city, and the affiant states what these witnesses are expected to swear to upon the trial. In opposition to the motion an affidavit of the vice president of the Plymouth Company was submitted, alleging that these contracts were made in the city of New York, and were actually signed there. This affiant is a resident of New Jersey, but all the evidence as to the making of the contract is immaterial because the answer admits it. Many of the witnesses specified in the affidavits of both of the parties are not shown to be able to testify to facts which will be material on the trial; but it seems to me that this is a case which should be tried where the work was performed, and where the witnesses as to the condition of the work when completed and the time of its completion reside. Various technical objections were taken to the affidavits, but I do not think that they justified the denial of the motion.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted. All concur.

